

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,517-01

### EX PARTE DEMARKO DEON COOPER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F11-27720-H IN THE CRIMINAL DISTRICT COURT NO. 1
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to fifty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Cooper v. State*, No. 05-12-00671-CR (Tex. App. — Dallas, October 14, 2013, no pet.).

Applicant contends, among other things, [1] that his trial counsel rendered ineffective assistance because counsel failed to object to an in-court identification which resulted from

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

impermissibly suggestive pre-trial identification procedures, failed to request an instruction regarding the corroboration requirement for accomplice-witness testimony, and failed to object to several instances of hearsay testimony.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, counsel shall state whether there were multiple photo spreads shown to the complainant wherein the complainant identified someone other than Applicant, and whether the complainant initially failed to identify Applicant in court. Counsel shall state whether he objected or in any way challenged the in-court identification of Applicant by the complainant, and if not, why not. Trial counsel shall also state whether there was accomplice-witness testimony presented at trial, and if so, whether counsel requested an instruction on the requirement that such testimony be corroborated. Counsel shall state why he did not object on the basis of hearsay or denial of confrontation when the investigating officer testified as to what he was told by non-testifying witnesses. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the

performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 14, 2015
Do not publish